T.C. Memo. 2005-152

UNITED STATES TAX COURT

PAUL O'NEIL POWERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1203-04.                    Filed June 23, 2005.

Paul O'Neil Powers, pro se.

<u>Donna B. Read</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of $4,167 in petitioner's 2001 Federal income tax.

The two issues for decision are:  (1) Whether petitioner is entitled to claim a dependency exemption for each of his three children for 2001, and (2) whether petitioner can claim a child tax credit for each of his three children for 2001.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. At the time he filed the petition, petitioner resided in Fort Worth, Texas.

On March 8, 1995, petitioner divorced Audra Ann Powers (Audra). They had three children during their marriage: Amber Powers, born on September 8, 1987; Wesley Powers, born on October 2, 1989; and Blane Powers, born on March 21, 1994 (collectively, the children). The District Court of Bexar County, Texas, 37th Judicial District, issued an "Agreed Final Decree of Divorce" and named Audra as sole managing conservator of the children, and petitioner was named possessory conservator of the children. In addition, the divorce decree ordered that Audra had sole right to establish the legal residence of the children. During 2001, the children resided with Audra for 9 months and with petitioner for 3 months. Audra was the custodial parent of the children, and petitioner was the noncustodial parent of the children.

The divorce decree ordered petitioner to pay child support in the amount of $780 per month to Audra. Petitioner also had to provide health insurance for the children. In 2001, petitioner

paid health insurance premiums in the amount of $1,043.64 and dental insurance in the amount of $179.92. Additionally, petitioner and Audra split the medical expenses for the children.

For 2001, petitioner claimed dependency exemptions and a child tax credit for the children on his Federal income tax. Audra did not sign a release, a waiver, or any other document providing that petitioner could claim the exemptions for the children.

OPINION

Generally, a taxpayer may claim a son or daughter as a dependent if that child meets the statutory definition of dependent. Sec. 151(c)(1), (3). The term "dependent" is defined as an individual who receives over half of his support from a taxpayer. Sec. 152(a).

Section 152(e) provides the support test for a child of divorced parents. Under that provision, if:

> (A) a child (as defined in section 151(c)(3)) receives over half of his support during the calendar year from his parents--
>
>> (i) who are divorced or legally separated under a decree of divorce or separate maintenance,
>>
>> (ii) who are separated under a written separation agreement, or
>>
>> (iii) who live apart at all times during the last 6 months of the calendar year, and
>
> (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,

such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent"). [Sec. 152(e)(1).]

Section 152(e), however, also provides that the "noncustodial parent" is treated as providing over half of a child's support if: (1) The custodial parent signs a written declaration that such custodial parent will not claim such child as a dependent, and the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year; (2) there is a multiple support agreement between the parties as provided in section 152; or (3) there is a qualified pre-1985 instrument. Sec. 152(e)(2), (3), and (4); Paulson v. Commissioner, T.C. Memo. 1996-560. Section 152(e)(3) and (4) do not apply in this case.

A noncustodial parent may claim the exemption for a child "only if the noncustodial parent attaches to his/her income tax return for the year of the exemption a written declaration from the custodial parent stating that he/she will not claim the child as a dependent for the taxable year beginning in such calendar year." Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984); see Miller v. Commissioner, 114 T.C. 184, 188-189 (2000), affd. on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002). The declaration required pursuant to section 152(e)(2) must be made

either on a completed Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or on a statement conforming to the substance of Form 8332.  Miller v. Commissioner, supra at 189.  Form 8332 requires the custodial parent to furnish:

> (1) the names of the children for which exemption claims were released, (2) the years for which the claims were released, (3) the signature of the custodial parent confirming his or her consent, (4) the Social Security number of the custodial parent, (5) the date of the custodial parent's signature, and (6) the name and the Social Security number of the parent claiming the exemption. [Id. at 190.]

In this case, petitioner claimed the dependency exemptions for the children for the year 2001.  Petitioner testified that he provided more than 50 percent of the support of the children and that he should be able to claim dependency exemptions for them for the taxable year 2001.  During trial, petitioner also cited to the Agreed Final Decree of Divorce which states in part:

> IT IS FURTHER ORDERED AND DECREED that each party shall be solely entitled to use as a credit against his or her own tax liability all prepayments and withholdings made by him or her after the date of divorce and all deductions, exemptions, and adjustments attributable to his or her income and expenses after the date of divorce.

Petitioner stated:  "I feel that * * * [the divorce decree] reads whoever is providing the most to the children is able to claim them as an exemption."

Audra was the custodial parent for 2001.  She had custody of the three children for 9 months of the year, which is over half

the year.  In addition, Audra did not sign a Form 8332 that she would not claim the children as dependents for the year at issue nor a statement conforming to the substance of Form 8332. Likewise, petitioner did not attach a Form 8332 or similar written statement to his return for 2001.  Accordingly, petitioner is not entitled to the dependency exemptions for 2001.

Section 24(a) provides that a taxpayer may claim a credit for "each qualifying child".  A qualifying child is defined, inter alia, as any individual if "the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year."  Sec. 24(c)(1)(A).  For the reasons stated above, petitioner may not claim a dependency exemption deduction for any of the children under section 151.  Accordingly, he is not entitled to claim a child tax credit with respect to the children for 2001.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.